Model Plan                                                                 Trustee: ☐ Marshall   ☐ Meyer
11/22/2013                                                                              ☐ Stearns   ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **In re:** | ) | **Case No.** |
| | ) | |
| **Darnell B. Clay** | ) | |
| | ) | |
| **Debtors.** | ) | **Original Chapter 13 Plan, dated** February 3, 2016 |

■     A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**    1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household
*Budget*        is __1__ ; (b) their ages are ___ ; (c) total household monthly income is $ __2,125.32__ ; and (d) total
*items*          monthly household expenses are $ __2,050.00__ , leaving $ __75.32__ available monthly for plan payments.

                 2. The debtor's Schedule J includes $ __N/A__ for charitable contributions; the debtor represents that the debtor made substantially similar contributions for __N/A__ months prior to filing this case.

**Section B.**    1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this
*General*        plan; all other unexpired leases and executory contracts are rejected. Both assumption and
*items*           rejection are effective as of the date of plan confirmation.

                 2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

                 (a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

                 (b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

                 3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

                 4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

■ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __-NONE-_____ , monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term*. The debtor will pay to the trustee $ __75.00__ monthly for __60__ months [and $ _____ monthly for an additional _____ months], for total payments, during the initial plan term, of $ __4,500.00__ . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
■ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees*. Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ __225.00__ . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments*. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

**-NONE-**

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __0.00__ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ __1,895.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim: __-NONE-__ shall be paid at __N/A__ % of the allowed amount. The total of all payments to this special class is estimated to be $ __N/A__ . [Enter this amount on Line 2g of Section H.]

Reason for the special class: __N/A__ .

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ■ to the extent possible from the payments set out in Section D, but not less than __11__ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*. ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of __N/A__ % [Complete Line 4d of Section H to reflect interest payable.]

**3**

| | | | |
|---|---|---|---|
| **Section F.** *Priority* | The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims. | | |
| **Section G.** *Special terms* | Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A. | | |
| **Section H.** *Summary of payments to and from the trustee* | (1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) | | $ 4,500.00 |
| | (2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims): | | |
| | (a) Trustee's fees | $ 225.00 | |
| | (b) Current mortgage payments | $ 0.00 | |
| | (c) Payments of other allowed secured claims | $ 0.00 | |
| | (d) Priority payments to debtor's attorney | $ 1,895.00 | |
| | (e) Payments of mortgage arrears | $ 0.00 | |
| | (f) Payments of non-attorney priority claims | $ 0.00 | |
| | (g) Payments of specially classified unsecured claims | $ 0.00 | |
| | (h) Total *[add Lines 2a through 2g]* | | $ 2,120.00 |
| | (3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* | | $ 2,380.00 |
| | (4) Estimated payments required after initial plan term: | | |
| | (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ 21,558.40 | |
| | (b) Minimum GUC payment percentage | 11 % | |
| | (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | $ 2,371.42 | |
| | (d) Estimated interest payments on unsecured claims | $ 0.00 | |
| | (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | $ 2,371.42 | |
| | (f) Payments available during initial term *[enter Line 3]* | $ 2,380.00 | |
| | (g) Additional payments required *[subtract Line 4f from Line 4e]* | | $ -8.58 |
| | (5) Additional payments available: | | |
| | (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ N/A | |
| | (b) Months in maximum plan term after initial term | N/A | |
| | (c) Payments available *[multiply line 5a by line 5b]* | | $ N/A |

**Section I.**  ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing
*Payroll*       the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of
*Control*       Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case,
                details of the deductions from each spouse's wages are set out in Section G.

**Signatures**   **Debtor(s) [Sign only if not represented by an attorney]**

_____   _____   **Date** _____

**Debtor's Attorney**   /s/ Penelope Bach                        **Date**  February 3, 2016

*Attorney Information*
*(name, address,*       Penelope Bach
*telephone, etc.)*      Sulaiman Law Group, Ltd.
                        900 Jorie Boulevard
                        Suite 150
                        Oak Brook, IL 60523
                        630-575-8181
                        Fax: 630-575-8188

**Special Terms** *[as provided in Paragraph G]*

**All student loans due to the Department of Education - Navient are currently in currently in a forebearance agreement and shall be paid outside the plan.**

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                          Case No. 16-03252-JSB
Darnell B Clay                                                                  Chapter 13
       Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: kmcgee              Page 1 of 2              Date Rcvd: Feb 04, 2016
                              Form ID: pdf001           Total Noticed: 54

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 06, 2016.
```
db            +Darnell B Clay,    9211 S. Throop Street,    Chicago, IL 60620-3660
24168296      +Capital One,    Attn: Bankruptcy,   Po Box 30285,    Salt Lake City, UT 84130-0285
24168297      +Capital One NA,    3905 N Dallas Parkway,    Plano, TX 75093-7892
24168305      +City Of Chicago Heights,    PO Box 726,    Carol Stream, IL 60132-0726
24168304      +City Of Chicago Heights,    1601 Chicago Road,    Chicago Heights, IL 60411-3487
24168300      +City of Chicago,    3510 S. Michigan,    Chicago, IL 60653-1020
24168303      +City of Chicago,    Deparrtment of Revenue,    PO Bos 88292,    Chicago, IL 60680-1292
24168301      +City of Chicago,    Department of Finance,    33589 Treasury Center,    Chicago, IL 60694-3500
24168307      +City of Country Club Hills,    PO Box 7690,    Carol Stream, IL 60197-7690
24168306      +City of Country Club Hills,    4200 W. Main Street,    Country Club Hills, IL 60478-5338
24168308      +Comcast,   2001 York Road,    Oak Brook, IL 60523-1973
24168309      +Cook County Clerk,    118 N. Clark Street,    Room 434,    Chicago, IL 60602-1413
24168311      +Department of Education,    FedLoan Servicing,    PO Box 69184,    Harrisburg, PA 17106-9184
24168312      +Department of Education/Navient,    Attn: Claims Department,     Po Box 9400,
               Wilkes Barr, PA 18773-9400
24168315      +Diversified Consultants Inc.,    PO Box 1117,    Charlotte, NC 28201-1117
24168316       Equifax Information Services, LLC,    1550 Peachtree Street NW,     Atlanta, GA 30309
24168317      +Experian Information Solutions, Inc.,     475 Anton Boulevard,    Costa Mesa, CA 92626-7037
24168318      +Geico Corporate Headquarters,    5260 Western Avenue,    Chevy Chase, MD 20815-3799
24168321      +HSBC,   Attn: CLM FAP,    2929 Walden Avenue,    Depew, NY 14043-2690
24168319     #+HSBC,   Po Box 5213,    Carol Stream, IL 60197-5213
24168320      +HSBC,   One HSBC Center,    Buffalo, NY 14203-2842
24168327      +MCSI -Municipal Collection Services, Inc,    7330 College Drive,     Suite 108,
               Palo Heights, IL 60463-1186
24168328      +MCSI -Municipal Collection Services, Inc,    Po Box 327,    Palos Heights, IL 60463-0327
24168332      +Midland Funding,    2365 Northside Drive,    Suite 300,    San Diego, CA 92108-2709
24168341      +Stellar Recovery Inc,    1327 Highway 2 W,    Suite 100,    Kalispell, MT 59901-3413
24168342      +Stellar Recovery, Inc,    1327 Highway 2 West,    Suite 100,    Kalispell, MT 59901-3413
24168343      +Trans Union LLC,    P.O. Box 2000,   Chester, PA 19022-2000
24168344      +US Bancorp Center,    800 Nicollet Mall,    Minneapolis, MN 55402-2511
24168345      +Village of Evergreen Park Illinois,     9418 S. Kedzie Avenue,    Evergreen Park, IL 60805-2324
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
24168290       +E-mail/PDF: recoverybankruptcy@afninet.com Feb 05 2016 00:47:41      Afni,
                1310 Martin Luther King Drive,    Bloomington, IL 61701-1465
24168291       +E-mail/PDF: recoverybankruptcy@afninet.com Feb 05 2016 00:47:21      Afni, Inc.,
                404 Brock Drive,    Bloomington, IL 61701-2654
24168292       +E-mail/Text: g20956@att.com Feb 05 2016 00:44:41      At & T Mobility,    P.O. Box 6416,
                Carol Stream, IL 60197-6416
24168294       +E-mail/Text: bankruptcy@cavps.com Feb 05 2016 00:44:09      Calvary Portfolio Services,
                500 Summit Lake Drive,    Ste 400,   Valhalla, NY 10595-2322
24168295       +E-mail/Text: bankruptcy@usecapital.com Feb 05 2016 00:45:18      Capital Accounts,
                Po Box 140065,    Nashville, TN 37214-0065
24168298       +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Feb 05 2016 00:48:02      Capital One, N.A. *,
                c/o American Infosource,    P.O Box 54529,    Oklahoma City, OK 73154-1529
24168299       +E-mail/Text: bankruptcy@cavps.com Feb 05 2016 00:44:09      Cavalry Portfolio Services,
                500 Summit Lake Drive,    Valhalla, NY 10595-2322
24168310       +E-mail/Text: electronicbkydocs@nelnet.net Feb 05 2016 00:43:54      Department of Education,
                121 S. 13th Street,    Lincoln, NE 68508-1904
24168313       +E-mail/Text: Bankruptcy.Consumer@dish.com Feb 05 2016 00:43:40      Dish Network,
                9601 S. Meridian Boulevard,    Englewood, CO 80112-5905
24168314       +E-mail/Text: bankruptcynotices@dcicollect.com Feb 05 2016 00:44:31      Diversified Consultant,
                Dci,   Po Box 551268,    Jacksonville, FL 32255-1268
24168323       +E-mail/Text: bankruptcy@icsystem.com Feb 05 2016 00:44:30      IC Systems,    PO Box 64378,
                Saint Paul, MN 55164-0378
24168322       +E-mail/Text: bankruptcy@icsystem.com Feb 05 2016 00:44:30      IC Systems,    Highway 96 E.,
                PO Box 64794,    Saint Paul, MN 55164-0794
24168324       +E-mail/Text: bankruptcy@icsystem.com Feb 05 2016 00:44:30      IC Systems, Inc,
                444 Highway 96 East,    Po Box 64378,   St Paul, MN 55164-0378
24168325        E-mail/Text: rev.bankruptcy@illinois.gov Feb 05 2016 00:43:43
                Illinois Department of Revenue,    Bankruptcy Section,    PO Box 64338,   Chicago, IL 60664-0338
24168326        E-mail/Text: cio.bncmail@irs.gov Feb 05 2016 00:42:56      Internal Revenue Service,
                PO Box 7346,    Philadelphia, PA 19101-7346
24168330       +E-mail/Text: bkr@cardworks.com Feb 05 2016 00:42:26      Merrick Bank,
                Resurgent Capital Services,    PO Box 10368,   Greenville, SC 29603-0368
24168329       +E-mail/Text: bkr@cardworks.com Feb 05 2016 00:42:26      Merrick Bank,
                10705 S Jordan Gateway #200,    South Jordan, UT 84095-3977
24168331       +E-mail/Text: bkr@cardworks.com Feb 05 2016 00:42:26      Merrick Bank/Geico Card,    Po Box 23356,
                Pittsburg, PA 15222-6356
24168333       +E-mail/Text: bankruptcydpt@mcmcg.com Feb 05 2016 00:43:41      Midland Funding,
                8875 Aero Drive, Suite 200,    San Diego, CA 92123-2255
24168334       +E-mail/Text: karaiza@mcsicollections.com Feb 05 2016 00:45:03
                Municipal Collection Services, Inc.,    7330 College Drive, Suite 108,,
                Palos Heights, IL 60463-1186
```

```
District/off: 0752-1          User: kmcgee                Page 2 of 2                  Date Rcvd: Feb 04, 2016
                              Form ID: pdf001             Total Noticed: 54
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)

```
24168335        +E-mail/PDF: pa_dc_claims@navient.com Feb 05 2016 00:47:36      Navient,    PO Box 9635,
                 Wilkes Barre, PA 18773-9635
24168336         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 05 2016 00:47:17
                 Portfolio Recovery,    Attn: Bankruptcy,    Po Box 41067,    Norfolk, VA 23541
24168337         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 05 2016 00:47:19
                 Portfolio Recovery Associates,    Po box 12914,    Norfolk, VA 23541
24168338        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 05 2016 00:47:16
                 Portfolio Recovery Associates, Inc,    120 Corporate Boulevard,    Norfolk, VA 23502-4962
24168339        +E-mail/Text: jweddle@rawlegal.net Feb 05 2016 00:44:26      Roberts & Weddle, LLC,
                 309 W. Washington,    Suite 500,    Chicago, IL 60606-3200
                                                                                              TOTAL: 25

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
24168293*        AT&T Mobility,    PO Box 6416,    Carol Stream, IL 60197-6416
24168302       ##+City of Chicago,    33 N. LaSalle Street, Suite 700,    Chicago, IL 60602-3421
24168340       ##+Samir K Shah MD,    2850 W. 95th Street, #202,    Evergreen Park, IL 60805-2734
                                                                                    TOTALS: 0, * 1, ## 2
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 06, 2016                                           Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 3, 2016 at the address(es) listed below:

```
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Penelope N Bach    on behalf of Debtor 1 Darnell B Clay pnbach@sulaimanlaw.com,
               ecfbach@gmail.com;courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com;mbad
               wan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpres
               s.info
                                                                                              TOTAL: 2
```